UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KARMA KARNA ROY,                    )
                  Plaintiff,     )      No. 10-CV-002-JLQ
                       )
    v.                                )      **ORDER OF DISMISSAL**
                       )
UNKNOWN DEFENDANTS,                  )
                  Defendant.    )
                       )
_____ )

      This matter comes before the court on Report and Recommendation filed February 16, 2010 by Magistrate Judge Cynthia Imbrogno (Ct. Rec. 5), following the Plaintiff's failure to either proffer the full filing fee or submit a properly completed application to proceed *in forma pauperis*.

      On January 4, 2010, the Plaintiff filed with the court a pro se civil Complaint and an application to proceed *in forma pauperis*. Ct. Recs. 1, 2. Due to deficiencies in the application to proceed IFP, on January 5, 2010, Judge Imbrogno issued an Order Denying Plaintiff's Application to Proceed In Forma Pauperis with Leave to Renew (Ct. Rec. 3). In that Order, Judge Imbrogno directed Plaintiff to proffer the full filing fee, show cause why prepayment would be inappropriate, or submit a properly completed Application to Proceed Without Prepayment of Fees and Affidavit. Ct. Rec. 3. Plaintiff has not complied with this order. For good cause, the Magistrate Judge then recommended the undersigned close the file.

      Plaintiff has not responded to either order of the Magistrate Judge. The *in forma pauperis* statute exists to permit claims to be brought before the court even by someone who lacks the means to pay the filing fee. The benefit of proceeding *in forma pauperis*, however, is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir.1984). In order to obtain the privilege of proceeding *in forma pauperis*, the litigant

ORDER - 1

must presents facts concerning the applicant's poverty which must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981). Litigants unwilling to pay the mandatory filing fee (28 U.S.C. § 1914) and alternatively unwilling to verify their poverty, may not proceed in federal court.

Plaintiff's refusal to pay the filing fee or correct the deficiencies in the application to proceed in forma pauperis amounts to a failure to prosecute. Plaintiff's failure to prosecute and failure to comply with Judge Imbrogno's order directing him to do so renders the action subject to dismissal pursuant to Fed.R.Civ.P. 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) of the Federal Rules of Civil Procedure as permitting sua sponte dismissals by the court).

Even if Plaintiff had paid the filing fee, his claims would be subject to dismissal because the hand-written assertions in the Complaint are for the most part illegible and fail to state claims for which federal jurisdiction lies. The court notes that in the past seven months, Plaintiff has filed two other lawsuits in this district which were likewise summarily dismissed. **Plaintiff is hereby warned that the continued filing of such lawsuits could cause the court to declare Plaintiff a vexatious litigant and restrict all future filings**.

For the reasons set forth above, **IT IS HEREBY ORDERED**, Plaintiff's pro se Complaint (Ct. Rec. 1) is **DISMISSED** without prejudice for failure to prosecute. The Clerk of this court shall enter this Order, enter **JUDGMENT** of dismissal as provided herein, forward copies to the Plaintiff, and **CLOSE THE FILE**.

Dated March 11, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE